UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MACKEY,

    Plaintiff,

v.

RON BROOMFIELD, et al.,

    Defendants.

Case No. 22-cv-04341 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Warden Rob Broomfield of San Quentin State Prison ("SQSP"), R. Reseler (SQSP Main Control Officer), Secretary Ron Davis, and Director Kathleen Allison. Dkt. No. 4 at 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

**A.**    <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.**    **Plaintiff's Claims**

Plaintiff claims that SQSP should be single-celling all prisoners in light of Covid 19, and that it is possible to do so by reopening closed buildings which are being used by officers for their breaks. Dkt. No. 4 at 2-3. Plaintiff wants everyone to be single-celled and that changes be made at SQSP to make that possible. *Id*. at 3.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts

2

from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.*  If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Plaintiff's allegations are insufficient to state a claim.  Liberally construing the allegations, Plaintiff appears to be asserting that prisoners, including himself, should be single celled for their health and safety.  However, his allegations are insufficient to satisfy the two elements for an Eighth Amendment claim.  First, there are no allegations that he is suffering a deprivation that is objectively, sufficiently serious, and second, there are no allegations to indicate that any of the named Defendants possess a sufficiently culpable state of mind.  Specifically, Plaintiff would have to allege that the deprivation of a single-cell is objectively, sufficiently serious, and that Defendants were being deliberately indifferent by failing to provide him with a single-cell.  With regards to this second element, Plaintiff must be able to allege that each named Defendant personally knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.  *Farmer*, 511 U.S. at 837.  It is doubtful that Secretary Davis or Director Allison are personally aware of Plaintiff and his specific circumstances.  Nevertheless, Plaintiff shall be granted leave to file an amended complaint to allege specific facts with respect to each named Defendant to support an Eighth Amendment claim.

In preparing an amended complaint, Plaintiff should keep the following principles in mind.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally

3

required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Lastly, Plaintiff must limit the relief he seeks to himself, and not on behalf of other prisoners who are not a party to this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to attempt to correct the deficiencies discussed above. The amended complaint must include the caption and civil case number used in this order, Case No. C 22-cv-04341 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __December 5, 2022____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.22\04341Mackey_dwlta