United States District Court
Northern District of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MICHAEL MACKEY, | Case No. 22-cv-04341 BLF (PR) |
|---|---|
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| RON BROOMFIELD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Warden Rob Broomfield of San Quentin State Prison ("SQSP"), R. Reseler (SQSP Main Control Officer), Secretary Ron Davis, and Director Kathleen Allison. Dkt. No. 4 at 1. The Court dismissed the complaint with leave to amend because the allegations were insufficient to state a claim. Dkt. No. 8. Plaintiff filed an amended complaint. Dkt. No. 9.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

**1. Original Complaint**

In the original complaint, Plaintiff claimed that SQSP should be single-celling all prisoners in light of Covid 19, and that it was possible to do so by reopening closed buildings which are being used by officers for their breaks. Dkt. No. 4 at 2-3. Plaintiff wanted everyone to be single-celled and that changes be made at SQSP to make that possible. *Id*. at 3. Liberally construed, the Court found Plaintiff was attempting to state an Eighth Amendment claim for deliberate indifference to his health and safety. Dkt. No. 8 at 3. However, the Court found the allegations were insufficient to satisfy the two elements for an Eighth Amendment claim, i.e., that Plaintiff was suffering an objectively, sufficiently serious deprivation and that the named Defendants personally knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. *Id.*, citing *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). He was granted leave to amend to allege specific facts against each named Defendant to support an Eighth Amendment claim. *Id.*

**2. Amended Complaint**

Plaintiff has filed an amended complaint that no longer involves a mere failure to single-cell, but rather challenges SQSP's failure to adequately screen and isolate inmates

2

transferred from CIM for Covid-19 which resulted in a breakout at the prison. Dkt. No. 9. He names the following defendants: CDCR Secretary Ralph Diaz; CDCR Medical Director R. Steven Tharratt, M.D.; SQSP Warden Ron Davis; SQSP Healthcare Chief Executive/Medical Director Clarence Cryer; SQSP Chief Medical Executive Dr. Alison Pachynski; SQSP Chief Physician and Surgeon Dr. Shannon Garrigan; CIM Medical Directors/Executives; "and all individual mentioned in the OIG Reports with responsibility for the transfer of prisoners to San Quentin." *Id.* at 2.

Plaintiff challenges the decision to transfer 122 CIM inmates to San Quentin on March 30, 2020, "in disregard of virtually every safety measure[] and policy that existed at the time [and] in doing so, caused the Covid-19 outbreak at San Quentin." *Id.* at 4. Plaintiff claims that the transferees were not tested the week prior to the move, and some were symptomatic upon arrival and not properly isolated. *Id.* Plaintiff describes the outbreak that followed and the various failures by SQSP that contributed to the severity of the outbreak. *Id.* at 4-5. Plaintiff also claims that the prison's failure to depopulate resulted in worsening prison conditions, including prolonged lockdowns, "extreme solitary confinement," and cramped and filthy cells. *Id.* at 6. Plaintiff's pleading then makes various references to court findings without including the legal citation. *Id.* at 7-8. Plaintiff further asserts other claims which are not supported by any facts. *Id.* at 8-9. Plaintiff seeks damages. *Id.* at 11. In support, Plaintiff attaches copies of what appear to be news articles regarding the SQSP outbreak. *Id.* at 13-25.

### 3. **Duplicative Action**

Plaintiff filed a previous action in this district against the same Defendants, among others, making the same allegations as in the instant amended complaint and seeking damages. The previous action, *Mackey v. Allison, et al.*, Case No. 21-cv-09386 BLF ("*Mackey I*"), is proceeding with counsel and currently stayed pending an appeal on certain issues. *Id.*, Dkt. No. 21.

Duplicative or repetitious litigation of virtually identical causes of action is subject

3

to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey, 846 F.2d at 1021. An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative. *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the "comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692-93 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Here, Plaintiff's case is duplicative of *Mackey I* because the two suits arise out of the same transactional nucleus of facts, *i.e.*, the allegedly unconstitutional transfer and handling of inmates infected with Covid-19 from CIM to SQSP which resulted in an outbreak, and defendants in both cases are parties or privies to the action. *See Adams*, 487 F.3d at 689. As this case is duplicative of *Mackey I*, the instant action will be dismissed.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED as duplicative.

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: ___April 27, 2023_____                              _____
                                                              BETH LABSON FREEMAN
                                                              United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.22\04341Mackey_dism(dupl)